# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> JUAN CARLOS VAUGHAN, <br><br> Defendant. | Case No. 06cr00097 BTM <br><br> **STATEMENT OF REASONS FOR REVOCATION SENTENCE** |

On February 2, 2006, Defendant Juan Carlos Vaughan pled guilty to importing 61 kilograms of marijuana into the United States. He had no prior criminal record. On May 30, 2006, Vaughan was sentenced to eight months' imprisonment and three years of supervised release. The conditions of supervised release included drug testing and counseling and mental health treatment.

Vaughan's supervision commenced on August 18, 2006. Because Vaughan was homeless, he was placed in a residential reentry center ("RRC") for 120 days. However, Vaughan left the RRC without permission after only 8 days and took up residence with his employer, Mr. Winslow. In December of 2006, Vaughan's probation officer attempted to facilitate the required mental health assessment of Mr. Vaughan. During the first appointment, Vaughan asked to use the restroom and then left the facility. Mr. Winslow brought Vaughan to the second mental health interview. Subsequently, Vaughan left Mr. Winslow's employ and stopped reporting to his probation officer. As of January 18, 2007,

Vaughan's whereabouts were unknown to the probation officer.

The mental health assessment revealed that Vaughan suffered from a personality disorder and borderline intellectual functioning.

A warrant for violation of supervised release was issued and on May 11, 2007, Vaughan admitted violation by failing to report his change of residence and employment to his probation officer. His supervised release was revoked (first revocation) and he was sentenced to four months' imprisonment with two years of supervised release. On September 28, 2007, the Court added a condition that Vaughan reside in a RRC for 120 days.

However, on October 22, 2007, Vaughan was missing from the RRC and was terminated from that program. Thereafter, on October 30, 2007, Vaughan was detained after he harassed a woman at the Horton Plaza shopping mall. He admitted to his probation officer that he harassed the woman and had no idea why he had done so. According to the probation officer, "He reported that he felt like he was 'possessed' and did not really remember himself following the woman." See Request to Modify Conditions, November 16, 2007, Doc. 37. The Court again ordered Vaughan to reside in a RRC for 120 days.

On August 4, 2008, an Order to Show Cause (OTSC) was filed, alleging Vaughan violated supervised release by lewdly exposing his private parts on March 31, 2008, and by urinating in public on July 7, 2008. The OTSC also alleged that Vaughan violated his probation officer's directive that he not frequent the Horton Plaza mall. (Doc. 38.) On March 13, 2009, Vaughan admitted violating supervised release by exposing his private parts in public and, on a different date, urinating in public. His supervised release was revoked (second revocation) and he was sentenced to seven months' imprisonment and two years of supervised release with sex offender counseling, treatment, and related conditions. He was again ordered to reside in a RRC for 180 days.

Vaughan was released on April 3, 2009. By April 13, 2009, he had violated supervised release by leaving the RRC. An OTSC and a warrant were issued. On October 7, 2009, Vaughan admitted violation and was sentenced to eight months' imprisonment and

17 months of supervised release with the same conditions (third revocation).

Vaughan was released on December 11, 2009.  Vaughan resided in the RRC and participated in sex offender and mental health counseling.  However, by June 15, 2010, Vaughan was again in violation for failure to report to his probation officer, failure to attend sex offender counseling, and failure to attend mental health counseling.  An OTSC and warrant were issued.  (Doc. 75.)  In the OTSC, the probation officer noted that on June 10, 2010, Vaughan left the RRC without permission and returned at approximately 7:30 a.m. on June 11, 2010.  The probation officer learned that at 1:25 a.m. on June 11, 2010,  Vaughan was walking around the campus of San Diego State University and was contacted by San Diego State University Campus Police.

On October 29, 2010, Vaughan admitted violation by failure to report to his probation officer.  His supervised release was again revoked (fourth revocation), and he was sentenced to 134 days' imprisonment and twelve months of supervised release on similar conditions.  Vaughan was released on October 29, 2010.

On February 8, 2011, the probation officer filed another OTSC and sought a warrant for Vaughan's violation of supervised release based on Vaughan's failure to remain at his residence as instructed, failure to attend mental health appointments and counseling,  failure to attend sex offender counseling, and Vaughan's conviction for petty theft on December 16, 2010 (Doc. 87.)  A warrant was issued, and on June 1, 2011, Vaughan admitted violation and was sentenced to 24 months' imprisonment with no further supervised release (fifth revocation).

The maximum period of incarceration is 24 months.  See United States v. Knight, 580 F.3d 933 (9th Cir. 2009).  The Guideline range is 3-9 months.  18 U.S.C. § 3583(e) requires the Court to consider the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) in deciding what sanction to impose for violation of supervised release.  Having considered these factors, the Court imposed the 24 month sentence for the following reasons:

(1) Mr. Vaughan refuses to comply or cannot comply with the conditions of supervised

1 release.  He does not follow the directives of his probation officer or the RRC.

2  (2) Mr. Vaughan continues to commit offenses.

3  (3) Notwithstanding efforts to provide counseling and treatment, Mr. Vaughan has engaged in harassing behavior, lewd conduct, and has been seen wandering on a college campus at night when he was required to be in the RRC.

6  (4) Incarceration is necessary to protect the public from further crimes of Defendant.

7  (5) Given the five revocations, further supervised release is not likely to be effective.

8  (6) The Guideline range is insufficient to sanction the present violation and effect the considerations set forth in 18 U.S.C. § 3583(e).

**IT IS SO ORDERED.**

DATED: June 16, 2011

_____
Honorable Barry Ted Moskowitz
United States District Judge